Argued at Pendleton May 8; affirmed May 22, 1934

## GEDDES *v.* OREGON GRANGE FIRE RELIEF ASSOCIATION

(32 P. (2d) 774)

*Howard Bergman,* of Baker, and *Frank C. McColloch,* of Baker (McColloch & Brown, of Baker, on the brief), for appellant.

*Lyndon L. Myers,* of Portland (McCamant, Thompson & King, of Portland, on brief), for respondent.

BAILEY, J. This action was brought by Joe F. Geddes against the Oregon Grange Fire Relief Association, a mutual fire relief association organized under the laws of the state of Oregon, to recover the sum of $675, the value of plaintiff's property destroyed by fire and alleged to have been covered by a fire insurance policy issued by defendant to plaintiff, together with attorneys' fees in the sum of $100. The appeal is prosecuted by the plaintiff from the judgment of the circuit court entered in favor of the defendant on the pleadings upon plaintiff's failure to plead further after his demurrer to defendant's answer had been overruled.

The amended complaint alleges that the defendant at all times mentioned therein was and now is a mutual fire relief association organized under the laws of this state; and that on May 26, 1930, the defendant, in consideration of $5.20 then paid and future payment by plaintiff of regular annual assessments thereafter to be levied by the defendant, executed and delivered to him a policy of insurance, by the terms of which the defendant insured certain described property of plaintiff, of the insurable value of $675, against loss by fire for a period of five years, a copy of which policy is attached to and made a part of the amended complaint. That pleading further avers that the plaintiff was, at the date of the fire, March 25, 1933, the owner of said property; that he had at all times paid all regular annual assessments which had been levied against him after the issuance of the policy and had paid certain special assessments levied against him, including the one of June, 1932; that no demand thereafter had been made upon him for any other special assessments; that no notice had been given him of the cancelation of the policy; and that the same was in full force and effect

up to and including the date of the fire. Due notice of proof of loss is averred and demand is made for the amount of the policy and for attorneys' fees.

The answer admits that the defendant is a mutual fire relief association organized and existing under the laws of the state of Oregon and alleges that it is not incorporated; that it issued and delivered to plaintiff a policy according to copy attached to the amended complaint; that the plaintiff had paid all regular annual assessments levied against him; that some of plaintiff's property was destroyed by fire on the date named; and that plaintiff notified defendant of the fire and submitted proof of loss. Denial is made of every other allegation in the amended complaint.

In its affirmative answer the defendant alleges that it is and at all times therein mentioned has been a mutual fire relief association composed of members of the "Order of Patrons of Husbandry"; that on May 20, 1930, plaintiff applied to defendant for issuance to him of a "certificate for relief in case of loss or damage by fire or lightning on the terms and conditions prescribed in the constitution and by-laws of said association"; that thereafter, on May 26, 1930, the defendant association issued to plaintiff its certificate No. 7,688, a copy of which, together with copy of the constitution and by-laws of the association, is set out as exhibit A attached to the amended complaint and by reference incorporated in and made a part of the answer; that upon the issuance thereof the plaintiff paid an advance assessment of $2.70 and a surveying and recording fee of $2.50; that thereafter, on May 26, 1931, plaintiff paid an annual assessment of $3.71; that on December 15, 1931, the board of directors of the defendant association levied a special assessment of one mill, which, together with the annual assessment

for the year, was paid by plaintiff on May 26, 1932. The answer further alleges that during the period from June 1, 1930, to May 31, 1932, the losses sustained by members of the association on property covered by certificates issued to them and the costs and expenses of management were in excess of "the sums collected on advance and annual premiums on the outstanding certificates", and in order to meet the deficit the board of directors at a meeting duly called made and levied a special assessment equal to the amount of the annual assessment on the outstanding certificates, which in the instance of plaintiff was $3.71, payable one-half within thirty days and the remainder in six months from the date of the notice, with interest at 8 per cent on deferred payments, less the inspection fee of $0.68 levied on December 15, 1931; that on July 23, 1932, the defendant mailed to plaintiff notice of said special assessment showing balance of $3.03 due thereon; that at the time of making said special assessment the association was without funds or assets and was indebted for money borrowed to pay losses in excess of $22,000 and for unpaid losses a sum in excess of $20,000; and that during September, 1932, the defendant again notified plaintiff by mail of said assessment "and of the fact that plaintiff's policy was then delinquent". The answer concludes by averring that plaintiff has wholly failed to pay said $3.03 or any part thereof and that by reason of the nonpayment of that assessment the certificate issued to plaintiff became and was at the date of the fire null and void.

The certificate issued by defendant to the plaintiff recites that whereas Geddes had paid the sum of $5.20 and "bound himself to pay his ratable proportion of all assessments made for loss or damage by fire — in accordance with the constitution and by-laws hereof—"

the defendant association undertook to insure him against loss or damage by fire in the amount of the policy for a term of five years. Attached to and made a part of this certificate is a copy of the constitution and by-laws of the defendant association, in which are set forth details of its operation. The constitution provides, among other things, that "certificates shall be annulled for any of the following reasons:   *   *   * (7) When an assessment is not paid when due"; and the secretary is empowered to enforce the provisions of the section relating thereto during intervals between meetings of the board of directors. The by-laws provide that a patron when applying for insurance shall pay an assessment according to one of the classifications set forth therein, and a recording and surveying fee of $2.50, and thereafter his regular assessments. It is further provided that: "All assessments must be paid when due; if not so paid, the policy shall be null and void until paid. No agent of this association is permitted to waive or alter any section. If the expenses of this association shall exceed the funds in hand, the same may be assessed and collected in like manner as assessments to pay fire losses."

Plaintiff assigns as error the action of the court in overruling his demurrer to defendant's answer. The only question presented on appeal, therefore, is whether or not the facts alleged in the answer constitute a defense to plaintiff's cause of action.

■ Section 46-1801, Oregon Code 1930, prescribes certain clauses, referred to as the "standard form", to be embodied in all fire insurance policies on property in this state, among which provisions is one to the effect that the "policy shall be canceled at any time at the request of the insured; or by the company by giving five days' notice of such cancelation". The

foregoing quoted part of the statute is the only provision of the insurance code to which plaintiff directs our attention. He argues that although such a clause is not contained in the policy here under consideration, nevertheless the law would read that condition into it; and that, since the policy had been delivered by defendant to the plaintiff and no notice of its cancelation thereafter given him, he is entitled to recover on the policy, notwithstanding the fact that he was delinquent in the payment of certain special assessments of which he had notice, according to the allegations of the answer which, by failure to deny, plaintiff admits.

A chronological review of insurance legislation in this state will be helpful in passing upon the question presented to us by this appeal. In 1907 the legislature enacted chapter 137, Laws 1907, providing for "uniform contract or policy of fire insurance, to be made and issued in this state by all insurance companies taking fire risk on property within this state". This was known as the act providing for standard form of fire insurance policy. The law was amended somewhat in 1911 by chapter 175, Laws 1911, and now appears as § 46-1801, supra. In 1917 the legislature enacted an insurance code (chapter 203, Laws 1917) which within itself or by reference to the subject matter of a section of the code hereinafter to be mentioned completely covered fire, life, liability and numerous other branches of insurance over which the state sought to exercise jurisdiction, and repealed all statutes then existing in regard to such insurance, with the exception of what is now § 46-1801, supra, the provision for standard form of policy.

Subdivision 1 of § 22-h, chapter 203, supra (now § 46-1609, Oregon Code 1930), under the heading "policy, standard form; what to contain", provides:

"On and after January 1, 1918, no fire insurance company shall issue any fire insurance policy covering on property or interest therein in this state, other than on form known as the 'standard' as now or may be hereafter constituted." Section 13 of the 1917 enactment (§ 46-132, Oregon Code 1930) exempts from the provisions of the act certain organizations and associations and declares, among other things, that "patrons of husbandry, fraternal, fire and life insurance associations are exempt from all provisions of this act".

It is conceded by the plaintiff that membership in the defendant association is limited to members of the Order of Patrons of Husbandry; and that the defendant was, at the time it issued to him the certificate involved herein, and still is, a mutual fire relief association operated for the benefit of its certificate holders exclusively.

According to the admitted facts, the defendant association comes clearly within the exemption mentioned relating to Patrons of Husbandry. When we consider, therefore, that all fire insurance companies and associations covered by the 1917 enactment are required to include in their policies of insurance the provisions prescribed by the 1907 act (§ 46-1801, supra), denominated "standard" provisions or form, and that the defendant association is exempted from the operation of the 1917 insurance code, it becomes apparent that the legislature did not intend to require fire relief associations, constituted as the defendant, to incorporate in their certificates of membership all the provisions prescribed by law relating to standard form policies. By exempting the defendant association from all provisions of the insurance code, the legislature necessarily relieved it from including in its policies

the provisions of § 46-1801, supra: *Rosebraugh v. Tigard,* 120 Or. 411 (252 P. 75).

■ The clause hereinbefore quoted from the by-laws of the defendant association to the effect that if assessments levied against certificate holders are not paid when due, their policies "shall be null and void until paid", is only another way of saying that the protection afforded certificate holders shall be suspended during the time of such default: 26 C. J. 269, § 338, and is to be distinguished from the provision in the constitution of the defendant association granting to the board of directors the right to "annul" policies for nonpayment of assessments.

■ The defendant, as above stated, is a mutual fire relief association. Relief to its members is dependent largely upon the collection of annual premiums and special assessments. Any one who becomes a member of the association binds himself to pay all assessments when due. In the instant case there is involved no question of waiver by defendant of the unpaid special assessment.

The judgment appealed from is affirmed.

RAND, C. J., and BEAN and CAMPBELL, JJ., concur.